20SL-CC04298
EXHIBIT 1
Electronically Filed - St Louis County - August 21, 2020 - 12:41 PM

IN THE CIRCUIT COURT OF ST LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| TERESA WOODS & KENNETH SLOAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RED ROOF INNS, INC ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| ) | |
| Serve Registered Agent: ) | |
| ) | |
| CSC-LAWYERS INC. ) | |
| 221 BOLIVAR STREET ) | |
| JEFFERSON CITY, MO 65101 ) | |

## PETITION

COME NOW Plaintiffs, TERESA WOODS & KENNETH SLOAN, by and through the undersigned, and for their Petition against Defendant, RED ROOF INNS, INC states as follows:

1. Defendant owns/operates a hotel identified on its website as RED ROOF INN ST LOUIS – FLORRISANT located at 307 DUNN RD FLORRISNAT MO 63033 and Defendant is organized under the laws of the State of Missouri and doing business in the State of Missouri. At all times relevant herein, Defendant acted by and through its agents and employees.

2. The cause of action that is the subject of this Petition arose in St Louis County, Missouri.

3. The amount in controversy exceeds $25,000, exclusive of interest and costs.

4. Venue is appropriate in St Louis County, State of Missouri.

5. Before and including July 5, 2020 Plaintiffs were business invitees of RED ROOF

INN INC (hereinafter RED ROOF) at its Florissant MO location.

6. Plaintiffs paid for and rented a room at RED ROOF in Florissant, MO.

7. In the early morning hours of July 5, 2020, an individual named Clarence Wigfall, entered the premises and requested the RED ROOF employees identify the room Plaintiffs were staying, provide him with a key to access the room, and to not inform the Plaintiffs.

8. RED ROOF employees provided Clarence Wigfall with the room number, the room key, and did not request permission from or inform Plaintiffs.

9. Clarence Wigfall proceed to and entered the Plaintiffs' room using the key provided to him by RED ROOF and violently assaulting both of the Plaintiffs.

10. Defendant owed Plaintiffs a reasonable degree of care in maintaining their privacy, safety, and security of the premises while under its control and to warn of any dangerous conditions.

11. Defendant breached the duty it owed Plaintiff in the following respects:

    A) Defendant negligently disclosed Plaintiffs' information & room number;

    B) Defendant negligently provided WIGFALL a room key to Plaintiffs' room;

    C) Defendant knew or should have known WIGFALL was not a registered guest;

    D) Defendant did not attempt to or request permission from either Plaintiff to disclose private information;

    E) Defendant did not attempt to or request permission from either Plaintiff to provide WIGFALL with a room key;

12. It is foreseeable that providing location information and access to a guest's room, without their knowledge or permission, to a 3rd party can result in damage to property or persons.

2

13. As a direct and proximate result of Defendant's negligence, Plaintiffs were caused to suffer injuries, the plaintiffs haves sustained the following:

    a. past and future pain and suffering and loss of enjoyment of life;

    b. lost wages;

    c. past medical expenses;

    c. future medical expenses.

WHEREFORE, Plaintiffs requests this Court to enter judgment in their favor and against the Defendant, and award them compensatory damages in an amount to be proven at trial to be fair and reasonable in excess of $25,000; to award them prejudgment interest and the costs of this action, and to grant such other relief as the Court may deem necessary and proper.

_____
Ben Sansone, #53852
SANSONE & LAUBER
7777 Bonhomme Ave
Suite 2100
St. Louis, Missouri 63105
(314) 863-0500
(314) 677-3530 FAX
Ben@MissouriLawyers.com

Attorneys for Plaintiff

3